UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61602-CIV-COHN/WHITE
(Criminal Case No. 05-60072-CR-COHN)

JEHSON JESSIAH,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon a Report and Recommendation [DE 15], submitted by United States Magistrate Judge Patrick A. White, regarding Movant Jehson Jessiah's Motion to Vacate Pursuant to 28 U.S.C. § 2255, attacking his conviction and sentence entered in Case No. 05-60072-CR-COHN. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Motion, the Report and Recommendation, and Movant's Objections with accompanying Affidavits, and is otherwise fully advised in the premises.

The arguments raised in Movant's objections are essentially repeated arguments already made before the Magistrate Judge. Movant argues that the Government's charge that Mary Weir was part of a single conspiracy and the Government's introduction of unduly prejudicial evidence of Mary Weir's cocaine possession in the Bahamas constituted prosecutorial misconduct, and that his counsel was ineffective for failing to move for a mistrial on that basis. As the Magistrate Judge explained in the Report and Recommendation, there was substantial evidence on the record upon which

SCANNED

the jury could have found beyond a reasonable doubt that there was a single conspiracy in this case. Furthermore, as the Magistrate Judge concluded, the evidence concerning Ms. Weir's possession of cocaine in the Bahamas was not overly prejudicial in light of the other overwhelming evidence of Movant's guilt. Thus, the facts cited to by the Movant demonstrate no prosecutorial misconduct, and thus, the Movant can show no error in his trial counsel's failure to move for a mistrial on that basis or his appellate counsel's failure to pursue these issues on appeal.

Likewise, Movant cannot show ineffective assistance of counsel based on any failure of his trial counsel to argue for the suppression of the Weir evidence because any such efforts would have been futile, in light of the admissibility of the evidence. As discussed above, and at greater length in the Report and Recommendation, Ms. Weir's possession was part of one overall conspiracy, not two as Movant argues. Furthermore, even if her possession and attempted transport of the cocaine was part of a separate conspiracy, the evidence would still have been admissible under Rule 404(b) of the Federal Rules of Evidence. For all of these reasons, the Court agrees with the Magistrate Judge, and concludes that Movant cannot show any prejudice from his counsel's failure to seek the suppression of the Mary Weir evidence at trial, or to move for a mistrial based on the introduction of that evidence.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.The Report of Magistrate Judge Patrick A. White [DE 15] is **ADOPTED**.

2. Movant Jehson Jessiah's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255 [DE 1,2,7] is **DENIED**.

3. Any other pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of June, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Jehson Jessiah, *pro se*
Reg. No. 57222-004
Butner Correctional Facility
P.O. Box 999
Butner, NC  27509